Erwin J. Shustak (SBN 119152)
Paul A. Reynolds (SBN 179656)
SHUSTAK REYNOLDS & PARTNERS, P.C.
401 West A Street, Suite 2200
San Diego, CA 92101
Telephone: (619) 696-9500
Facsimile: (800) 868-9350
Email: eshustak@shufirm.com
pryenolds@shufirm.com

Laurence M. Landsman (*Pro Hac Vice* Forthcoming)
LANDSMAN SALDINGER CARROLL, PLLC
181 W. Madison, Suite 4700
Chicago, IL 60601
Telephone: (312) 291-4650
Facsimile: (872) 757-1661
Email: landsman@lsclegal.com

*Attorneys for Respondent Steven Seid*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO COURTHOUSE**

| | |
|---|---|
| TOUCHSTONE SECURITIES, LLC (f/k/a Touchstone Securities, Inc.), a Nebraska limited liability company,<br><br>Petitioner,<br><br>v.<br><br>STEVEN SEID, an individual,<br><br>Respondent. | Case No. 3:26-cv-06840-LJC<br><br>**STIPULATION TO EXTEND RESPONDENT'S DEADLINE TO FILE OPPOSITION TO PETITION TO VACATE OR CORRECT ARBITRATION AWARD; ORDER** |

Pursuant to Civil Local Rule 6-2 and 7-12, Respondent Steven Seid ("Seid") and Petitioner Touchstone Securities, LLC ("Touchstone") (collectively, "Parties") hereby jointly submit this stipulated request to extend time for Seid to file an opposition to Touchstone's Petition to Vacate or Correct the Arbitration Award (the "Petition").

1. Parties' submits this stipulated request seeking a 30-day extension, to August 17, 2026, to respond to the Petition (Doc. #1).

2. On February 21, 2025, Respondent Seid filed a FINRA arbitration proceeding against Petitioner Touchstone asserting claims of, *inter alia*, wrongful termination, tortious interference with a contract, and Form U5 defamation.

3. Between March 23-27, 2026, the arbitrators conducted an evidentiary hearing that involved detailed testimony of five witnesses and the introduction of more than 100 exhibits.

4. On June 3, 2026, the arbitrators issued their award (the "Award") that found in favor of Seid and awarded him $836,216 in compensatory damages for wrongful termination and tortious interference, $256,000 for lost compensation from his new employer, T. Rowe Price, and $100,000 in punitive damages because Touchstone "prosecuted Seid's termination with deliberately malicious intent."

5. On July 2, 2026, Touchstone filed its Petition. Due to the holiday, on July 6, 2026, Petitioner served a copy of its Petition on Seid's counsel.

6. Petitions to vacate arbitration awards are treated as motions under the Federal Rules of Civil Procedure. See 9 U.S.C. § 6; *Western Employers Insurance Co. v. Jefferies & Co.*, 958 F.2d 258 (9th Cir. 1992) (Petitions to vacate are treated as motions under Section 6). Pursuant to Local Rule 7-3, Seid's response to the Petition is due 14 days after the Petition was filed, or by July 16, 2026. See Civil Local Rule 7-3(a) ("The opposition must be filed and served not more than 14 days after the motion was filed").

7. Seid seeks a 30-day extension of time, to August 17, 2026, to respond to the Petition. Seid has several reasons for seeking this extension of time to file a response. First, due to the holiday, Seid's counsel was not served with the Petition until July 6, 2026 – four days after it was filed and only 10 days before the response is due under Civil Local Rule 7-3(a). See Declaration of Laurence M. Landsman (Decl.). Accordingly, Seid does not have the benefit of the full 14 days under the local rules to prepare his response. The Petition consists of densely-typed 25 pages of several arguments

referencing a large number of exhibits, including hearing transcripts, that Seid's attorney is presently in the process of reviewing and analyzing.

8. Second, Seid's principal attorney, Laurence Landsman, is scheduled to be out of the country between July 16-23, 2026, for a pre-planned vacation. See Decl. Mr. Landsman represented Seid in the underlying arbitration proceeding and will be responsible for drafting the response to Touchstone's Petition. *Id.*

9. Third, Mr. Landsman is also preparing for a settlement mediation with a federal magistrate judge in a case pending in U.S. District Court for Indiana that is scheduled for July 16, 2026 – in the hours before he is due to depart for his pre-planned vacation. *Id.* Accordingly, Mr. Landsman will be preparing for the mediation in the days leading up to July 16th. *Id.*

10. Finally, the Petition cites several pages of a transcript it had prepared of the evidentiary hearing in the underlying arbitration proceeding. Respondent believes that the portions of the transcripts relied on by Petitioner are isolated and misleading, and intends to file a motion pursuant to the "rule of completeness" under Federal Rule 106 to compel Petitioner to produce additional portions of the hearing transcript. However, Respondent's counsel is presently consulting with Petitioner's attorney to determine whether an agreement on the issue of production of transcripts can be reached. Accordingly, the extension of time will permit the parties to continue their discussion and, if necessary for this issue to be briefed by the parties and decided by the Court. And, in the event the Court grants the motion, Seid's counsel will need time to review the transcripts.

11. The parties' counsel have communicated regarding this request for extension.

12. Petitioner's attorney has agreed to the 30-day extension, to August 17, 2026, for Seid to respond to the Petition.

13. There have been no prior requests for time modifications in this case.

14. There is no prejudice or adverse impact to Petitioner by this request. The hearing on the Petition is scheduled for October 1, 2026. Accordingly, a 30 day extension to respond, to August 16, 2026, will leave time for Petitioner to file its reply brief and for the Court to consider the briefings prior to the hearing.

WHEREFORE, Respondent Steven Seid requests that the Court grant an extension of 30 days, to August 17, 2026, for him to file his response to the Petition to Vacate or Correct Arbitration Award.

Dated: 7/16/2026

SHUSTAK REYNOLDS & PARTNERS, P.C.

*/s/ Paul A. Reynolds*
Erwin J. Shustak
Paul A. Reynolds

*Attorneys for Respondent Steven Seid*

Dated: 7/16/2026

LITTLER

*/s/Benjamin Emmert*
Benjamin Emmert

*Attorneys for Petitioner Touchstone Securities, LLC*

**ECF ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Paul A. Reynolds, hereby attest that concurrence in the filing of this document has been obtained from the above-listed counsel of record.

DATED: July 16, 2026

*/s/ Paul A. Reynolds*
Paul A. Reynolds

**ORDER**

**PURUSANT TO STIPULATION, IT IS SO ORDERED,**

**Dated: July 17, 2026**

**Honorable Lisa J. Cisneros**
**United States District Court Magistrate Judge**